UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X
                           :

GUERDA MAURICE,                  :

                Plaintiff,    :

                           :

         -against-        :

                           :

CAROLYN COLVIN,         :

  Acting Commissioner of Social Security,  :

                           :

              Defendant.  :

                           :

-------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/23/2014

12 Civ. 2114 (LGS)

OPINION

LORNA G. SCHOFIELD, United States District Judge:

      Plaintiff Guerda Maurice brings this action pursuant to Section 405(g) of the Social

Security Act ("Act"), 42 U.S.C. § 405(g), seeking review of a final decision of the Commissioner

of the Social Security Administration ("Commissioner") denying her application for a period of

disability and disability insurance benefits. The parties filed cross-motions for judgment on the

pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. This case was referred

to the Honorable Frank Maas for a report and recommendation ("Report"). The Report was filed

on July 2, 2014, and recommends that the Commissioner's motion be granted and that Maurice's

motion be denied. Plaintiff timely submitted objections ("Objections") to the Report. For the

following reasons, the Report is adopted, the Commissioner's motion is granted and Maurice's

motion is denied.

### I.      BACKGROUND

      The facts and procedural history relevant to the motions are set out in the Report and

summarized here. Maurice was born on October 31, 1961, and was forty-four years old at the

time of her hearing. She began working as a development aide in a group home in September

1986, and remained in that position until the onset of her alleged disability in July 2004. Her job duties as a development aide included cleaning, cooking, distributing medications to patients and escorting them to doctor's appointments. The job required Maurice to lift 25 pounds frequently, and up to 100 pounds occasionally. Maurice stopped working in the group on or about July 23, 2004, after allegedly being pushed into a dresser by a patient. According to Maurice, this incident resulted in various injuries that impaired her ability to continue working as a development aide.

On December 22, 2004, Maurice filed an application for a period of disability and disability insurance benefits running from July 24, 2004, the date on which she allegedly became disabled. Maurice alleged that she was unable to work during this period because she suffered from back and knee problems, headaches, depression, and hypertension.

In February 2005, Maurice completed a "function report" in connection with her social security claim. She wrote that she was able to dress herself and take herself to the doctor, and did not require special help or reminders to take care of her personal needs. Maurice also wrote that she had no problems paying attention, was able to deal with stress and had no memory problems. In contrast to her positive cognitive functioning, Maurice wrote that she had to use a cane for walking and frequently had to rest her feet. She also could no longer bend down or use the bathtub. She wrote that she could not drive for long periods, could do "a little laundry" and relied on others for most household chores. At her administrative hearing, Maurice testified that her pain would "come and go" on a daily basis. The parties provided medical evidence, administrative testimony, and a vocational expert's testimony, which are set out in the Report.

## II.     LEGAL STANDARD

A reviewing court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  The district court "may adopt those portions of the report to which no 'specific, written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." *Adams v. N.Y. State Dep't of Educ.*, 855 F. Supp. 2d 205, 206 (S.D.N.Y. 2012) (citing Fed. R. Civ. P. 72(b), *Thomas v. Arn*, 474 U.S. 140, 149 (1985)).

The court must undertake a de novo review of any portion of the report to which a specific objection is made on issues raised before the magistrate judge.  *See* 28 U.S.C. § 636(b)(1); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).  When a party makes only conclusory or general objections, or simply reiterates the original arguments made below, a court will review the report strictly for clear error.  *Crowell v. Astrue*, No. 08 Civ. 8019, 2011 WL 4863537, at *2 (S.D.N.Y. Oct. 12, 2011).  Even when exercising de novo review, "[t]he district court need not . . . specifically articulate its reasons for rejecting a party's objections . . . ." *United States v. Thompson*, 596 F. Supp. 2d 538, 541 (E.D.N.Y 2009) (quoting *Morris v. Local 804, Int'l Bhd. of Teamsters*, 167 F. App'x 230, 232 (2d Cir. 2006)).

Under Rule 12(c), judgment on the pleadings is appropriate when the material facts are undisputed and a party is entitled to judgment as a matter of law based on the contents of the pleadings.  *See Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 642 (2d Cir. 1988); *Carballo ex rel. Cortes v. Apfel*, 34 F. Supp. 2d 208, 213-14 (S.D.N.Y. 1999).

A district court is not permitted to review the Commissioner's decision de novo. *Halloran v. Barnhart*, 362 F.3d 28, 31 (2d Cir. 2004) (citing *Schaal v. Apfel*, 134 F.3d 496, 501

(2d Cir. 1998)); *Jones v. Sullivan*, 949 F.2d 57, 59 (2d Cir. 1991).  Rather, the court's inquiry is limited to ensuring that the Commissioner applied the correct legal standard and that his decision is supported by substantial evidence.  42 U.S.C. 405(g); *Burgess v. Astrue*, 537 F.3d 117, 127-28 (2d Cir. 2008).  When the Commissioner's determination is supported by substantial evidence, the decision must be upheld, "even if there also is substantial evidence for the plaintiff's position."  *Morillo v. Apfel*, 150 F. Supp. 2d 540, 545 (S.D.N.Y. 2001) (citing *Baker v. Heckler*, 730 F.2d 1147, 150 (8th Cir. 1984)); *see also Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002) ("Where the Commissioner's decision rests on adequate finding supported by evidence having rational probative force, we will not substitute our judgment for that of the Commissioner.").

## III.   DISCUSSION

In their cross-motions for judgment on the pleadings, the parties dispute (1) whether Maurice had a full and fair hearing and (2) whether the Commissioner's decision is supported by substantial evidence and is free of legal error.  Because Plaintiff advances no new arguments in her Objections and only repeats arguments already made in her motion, clear error review is appropriate here.

### A.  Full and Fair Hearing

The Report correctly concludes that Plaintiff had a full and fair hearing.  In order for a claimant to establish that she was deprived of a full and fair hearing, she must demonstrate either that the ALJ failed to fully investigate the matters at issue or the claimant was denied the opportunity to respond to adverse evidence on the record.  *See, e.g.*, *Diaz v. Shalala*, 59 F.3d 307, 316 (2d Cir. 1995) (holding that plaintiff had full and fair hearing where plaintiff had adequate opportunity to respond to adverse evidence); *Anghel v. Sebelius*, 912 F. Supp. 2d 4, 24

(E.D.N.Y. 2012) (holding that plaintiff had a "full and fair hearing before the ALJ" where plaintiff "was afforded the opportunity to be heard at a meaningful time and in a meaningful manner"); *Godwin v. Barnhart*, No. 04 Civ. 2852 (DLC), 2005 WL 1683538, at *13 (S.D.N.Y. July 18, 2005) (holding that plaintiff's "right to cross-examine was not denied" because she "had an adequate opportunity to subpoena witnesses for her hearing but did not do so").

The Report finds that Maurice has not identified any deficiencies in the process afforded to her. Maurice had a full opportunity to respond to the adverse evidence. The Report further finds that ALJ Lemoine fully discharged his duty to develop the administrative record before reaching his determination. Because the ALJ adequately developed the record, and Maurice had the opportunity to respond to any adverse evidence, Maurice received a full and fair hearing.

Plaintiff does not advance new arguments in her Objections. Because there is no clear error in the Report, the claim that Plaintiff did not have a full and fair hearing is rejected.

### B. Disability Analysis

The Report applies the five-step disability analysis under 20 C.F.R. § 404.1520(a)(4), and correctly concludes that the ALJ's finding of no disability was supported by substantial evidence. Specifically, the Report addresses Plaintiff's arguments advanced in her cross-motion for judgment on the pleadings.

In her cross-motion, Plaintiff challenges the ALJ's credibility findings. The ALJ first noted that Plaintiff claimed that her hypertension and knee problems impaired her ability to work, even though neither previously precluded her ability to perform substantial gainful activity. He further noted that she was "highly exaggerative" at her evaluations and her subjective complaints were not commensurate with the objective medical record. Additionally, he noted that Plaintiff's treatment has been primarily conservative in nature. Moreover, the ALJ

noticed that Plaintiff did not appear to be in any obvious pain or discomfort while sitting or

walking at her hearings.  Finally, the ALJ noted that Plaintiff receives Worker's Compensation

Benefits, which likely disincentivized her return to the workforce.  In the Second Circuit, "an

ALJ's credibility determination is generally entitled to deference on appeal."  *Selian v. Astrue*,

708 F.3d 409, 420 (2d Cir. 2013).  "Credibility findings of an ALJ . . . therefore can be reversed

only if they are patently unreasonable."  *Pietrunti v. Dir., Office of Worker's Comp. Programs*,

119 F.3d 1035, 1042 (2d Cir. 1997) (internal quotation marks omitted).

First, Plaintiff contends that the ALJ erred in considering her Worker's Compensation

income.  However, courts have considered receipt of benefits in determining credibility.  *See*

*Dombrowski v. Chater*, 960 F. Supp. 558, 565 (N.D.N.Y. 1997) ("[P]laintiff's receipt of AFDC

benefits and income represented an 'obvious disincentive to work' and 'tend[ed] to establish a

motive for exaggerating claims [of] inactivity unrelated to physical disability.'") (quoting

*Nguyen v. Shalala*, 1994 WL 362263, at *4 (N.D. Cal. 1994)).  The Report correctly notes that

here, where a number of other factors undermine Plaintiff's credibility, the ALJ did not err by

considering her motivation to work.  Second, Plaintiff argues that the ALJ should have

considered her strong work history when assessing credibility.  While it is true that a claimant's

good work history is a positive consideration in credibility, it is "just one of many factors" that

an ALJ should consider in assessing credibility.  *Schaal v. Apfel*, 134 F.3d 496, 502 (2d Cir.

1998).  The Report correctly finds that Plaintiff's work history does not overcome the other

factors weighing against a finding that her testimony was credible.  Third, Plaintiff argues that

the ALJ's credibility finding was erroneous because he improperly relied on the fact that she did

not appear to be in pain during her hearings, and because he erred in finding that she could still

perform daily living activities.  The Report correctly states that the ALJ's credibility determination found substantial support in the record.  They were not patently unreasonable.

Plaintiff also argues that the ALJ erred because he should have afforded more weight to the opinions of her treating physicians.  Although the treating physician's opinion is generally given controlling weight, an ALJ does not need to credit the opinion of a treating physician if it conflicts with other substantial medical evidence.  20 C.F.R. § 404.1527(c)-(e); *Snell v. Apfel*, 177 F.3d 128, 132-33 (2d Cir. 1999).  When the ALJ gives less than controlling weight to a treating physician, he must give "good reasons."  20 C.F.R.  § 404.1527(c)(2).  Here, the Report correctly finds that the opinions of the treating physicians were inconsistent with the objective medical evidence, and were based largely on Plaintiff's own subjective complaints.

Plaintiff also contends that the ALJ erred in concluding that Plaintiff is capable of adjusting to other jobs that exist in the market.  Plaintiff bases this argument on the fact that Dr. Polifrone, her treating physician, stated that she would be absent three or more days per month, which, according to the vocational expert, would preclude her from sustaining employment. Since the ALJ properly discredited Dr. Polifrone's opinions in the fourth step of the analysis, he need not consider it in the fifth step -- determining adjustments in work.  *See* 20 C.F.R. § 404.1560(c)(2); *Priel v. Astrue*, 453 F. App'x 84, 87-88 (2d Cir. 2011) (citing *Dumas v. Schweiker*, 712 F.2d 1545, 1554 (2d Cir. 1983)).  The Report correctly agrees with the ALJ's determination that Plaintiff was not disabled.

In her objections, Plaintiff repeats these arguments.  As they are reiterations of arguments previously made and there is no clear error in the Report, the claim that the ALJ's finding of no disability is erroneous is rejected.

**IV.   CONCLUSION**

For the reasons stated above, the Report is ADOPTED, Defendant's motion for judgment on the pleadings is GRANTED and Plaintiff's cross-motion for judgment on the pleadings is DENIED.  The Clerk of the Court is directed to close this case.

SO ORDERED.

Dated: October 22, 2014
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE